JOHN E. KUHN, JR.
United States Attorney

JACQUELYN A. TRAINI
Assistant U.S. Attorney
U.S. Attorney's Office, District of Alaska
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Rm. 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail: Jackie.Traini@usdoj.gov

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| VIRGINIA B. ALECK,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA, DR. BENJAMIN A. GARNETT, AND ALSKA NATIVE MEDICAL CENTER,<br><br>Defendant. | Case No. 3:21-cv-00147-TMB |

**REPLY TO PLAINTIFF'S OPPOSITION TO
UNITED STATES' MOTION TO DISMISS**

In her Response to the Government's motion to dismiss, the Plaintiff claims that in "[b]oth her FTCP claim and civil complaint [she] allege[s] [an] amount in excess of $200,000 in economic and noneconomic damages." Dkt 13

at p.3. Plaintiff goes on to state that she wasn't required to submit Standard Form 95[1] and that her claim for damages, in sum certain, is $222,749.24. She contends that because she was on Medicare, ANMC could have billed her insurance and therefore, she is entitled to economic damages. Because Plaintiff did not claim noneconomic damages at the administrative level and does not have economic damages, her case must be dismissed.

I. **Plaintiff did not claim noneconomic damages at the administrative level.**

An individual pursuing a claim under the FTCA is bound by the damages they sought at the administrative level. 28 U.S.C. § 2675; *see also Nigh v. U.S. ex rel. U.S. Agric. Dep't*, 534 F. Supp. 2d 1170 (D. Mont. 2008) (trial court applied the 28 U.S.C. § 2675(a) requirement that FTCA claims are limited to what was sought at the administrative level). In her Response, Plaintiff claims she "[b]oth her FTCP claim and civil complaint [she] allege[d] [an] amount in excess of $200,000 in economic and noneconomic damages." Dkt 13 at p.3. Plaintiff is incorrect.

Plaintiff's response sidesteps the issue at hand—that she cannot pursue claims under the FTCA that she did not seek at the administrative level. 28

---

[1] The Government has never contended she was required to file a Standard Form 95, but notes the form is useful for ascertaining damages and perfecting a potential claim.

Aleck *v. United States et al.*
Case No. 3:21-cv-00147-TMB     Page 2 of 5

U.S.C. § 2675(a). Her own exhibit demonstrates the undisputed truth: she did not seek noneconomic damages at the administrative level. Dkt. 12-1. Even had she made a general claim for "noneconomic" damages at the administrative level, that claim would have still been insufficient as the claim must be for a sum certain. *Caidin v. United States*, 564 F.2d 284, 287 (9th Cir.1977) ("[T]he sum certain requirement demands more than mere general notice to the government of the approximate amount of a claim. Since the purpose of the administrative claim is to facilitate settlement of these disputes, a specific dollar amount is necessary to allow realistic assessment of the settlement value of a case." (citations omitted). Plaintiff did not make a claim for noneconomic damages at the administrative level and therefore, is barred from pursuing them under the FTCA.

## II. The ANMC charges are not actual economic damages.

As discussed in the Government's motion at Dkt. 12, a tort must have damages and while the Plaintiff did claim economic damages in a sum certain at the administrative level, she is not liable for any ANMC medical bills and thus, has no actual economic damages.

In her Response, Plaintiff claims that she is entitled to recover because Medicare paid some of her medical bills. Dkt. 13 at 5. Notably, Plaintiff does not claim she personally paid any medical bills. Medicare would retain a lien

Aleck *v. United States et al.*
Case No. 3:21-cv-00147-TMB      Page 3 of 5

on any potential recovery made by Plaintiff and thus, no damages are available to her. *See* 42 U.S.C. § 1395y(b)(2)(B)(ii); *see also* AS 09.55.548(b) (allowing an offset for collateral benefits unless the collateral source has a right to seek subrogation).

In short, Plaintiff was never personally billed by ANMC and rendered no payment for her medical services. By her own admission, the Government has already rendered payment for her medical services.

## Conclusion

Because the Plaintiff has no claim for actual damages, she has no cognizable legal theory and has failed to state a claim upon which relief can be granted. This Court should, therefore, dismiss her claims for failure to state a claim.

RESPECTFULLY SUBMITTED this 1st day of February 2022, in Anchorage, Alaska.

        JOHN E. KUHN, JR.
        United States Attorney

        s/ Jacquelyn A. Traini
        Assistant U.S. Attorney
        Attorney for the Defendant

**CERTIFICATE OF SERVICE**
I hereby certify that on February 1, 2022,
a copy of the foregoing was served electronically to:

Jeffrey H. Vance
Ty A. Farnsworth
Farnsworth & Vance
*Attorneys for Plaintiff*


s/ Jacquelyn A. Traini
Office of the U.S. Attorney

Aleck *v. United States et al.*
Case No. 3:21-cv-00147-TMB      Page 5 of 5