IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| VIRGINIA B. ALECK,<br><br>                     Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, DR. BENJAMIN A. GARNETT, and ALASKA NATIVE MEDICAL CENTER,<br><br>                     Defendants. | Case No. 3:21-cv-00147-TMB<br><br>ORDER ON DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS<br>(DKT. 12) |

## I. INTRODUCTION

The matter comes before the Court on Defendant United States of America's Motion to Dismiss (the "Motion").[1] The United States asks the Court to dismiss Plaintiff Virginia B. Aleck's Complaint for failure to state a claim under Federal Rule of Civil Procedure ("Rule") 12(b)(6) or, alternatively, to dismiss its two co-defendants, Dr. Benjamin A. Garnett and the Alaska Native Medical Center ("ANMC"), for lack of subject matter jurisdiction under Rule 12(b)(1).[2] Aleck opposes the 12(b)(6) motion but concedes the United States is the sole proper defendant in this Federal Tort Claims Act ("FTCA") action.[3] For the reasons stated below, the Court **DENIES** the Rule 12(b)(6) motion to dismiss the Complaint and **GRANTS** the Rule 12(b)(1) motion to dismiss all defendants other than the United States.

---

[1] Dkt. 12 (Motion); Dkt. 14 (Reply).

[2] *See generally* Dkt. 12.

[3] Dkt. 13 (Response).

1

## II. BACKGROUND

Aleck filed this FTCA action against the United States, Dr. Benjamin A. Garnett, and ANMC alleging medical malpractice.[4] Specifically, Aleck alleges that medical personnel employed by ANMC were negligent in providing her medical care during several medical visits, surgeries, and a corrective surgery in 2008 and 2018.[5] Aleck claims that as a result, she has suffered damages, including "[p]ersonal injuries, including a colovaginal fistula that fecal matter would enter her vagina from her bowels;" "[p]hysical pain, fatigue, incontinence and discomfort;" "[e]motional suffering;" "[l]oss of enjoyment of life;" and "[o]ther economic and noneconomic losses, all in excess of $200,000, the exact amount to be determined at trial."[6] Aleck also alleges she exhausted her administrative remedies prior to filing suit.[7]

The United States moves to dismiss under Rule 12(b)(6) on the basis that Aleck cannot show damages and, therefore, has failed to state a claim upon which relief can be granted.[8] The United States argues that under the FTCA, Aleck is limited to seeking damages she claimed at the administrative level.[9] According to the United States, Aleck did not seek noneconomic damages through the administrative process and instead "limited herself to past medical bills."[10] The United States also claims Aleck did not pay those medical bills personally: "as an Alaska Native person,

---

[4] Dkt. 1 (Complaint).

[5] *Id.*

[6] *Id.* at 4–5, ¶ 22.

[7] *Id.* at 2, ¶ 5 ("Notice of this claim as required by 28 U.S.C. § 2675 was received by the United States Department of Health & Human Services on April 3, 2018.").

[8] *See generally* Dkt. 12.

[9] *Id.* at 3.

[10] *Id.* at 4.

she is not required to personally pay for services received at ANMC."[11] The United States argues Aleck therefore has no claim to relief because she is limited to seeking economic damages and has none.[12] To support this argument, the United States attaches several exhibits to its Motion, which purportedly show Aleck limited herself to past medical bills and incurred no actual damages.[13] The United States asks the Court to dismiss the entire Complaint on this basis.

In the alternative, the United States asks the Court to dismiss its co-defendants under Rule 12(b)(1) for lack of subject matter jurisdiction because the United States is the only proper defendant in an FTCA action.[14] Aleck does not oppose the United States' 12(b)(1) motion[15] but argues she has stated a claim upon which relief may be granted under Rule 12(b)(6).[16]

Aleck opposes the United States' 12(b)(6) motion on the basis that she has "met the plausibility requirement to support her medical malpractice claim against the United States."[17] Aleck argues that the Court must take well-pleaded allegations as true at this stage and that she has properly pleaded that she suffered both economic and noneconomic damages in excess of $200,000, consistent with her administrative claim.[18] Aleck asserts that the United States'

---

[11] *Id.*

[12] *Id.* at 4–5; *see also* Dkt. 14 at 2–4.

[13] Dkts. 12-1, 12-2, 12-3, 12-4, & 12-5 (Exhibits A, B, C, D, & E).

[14] Dkt 12 at 5–6.

[15] Dkt. 13 at 8 ("Plaintiff does not oppose Defendant's movement to dismiss Dr. Benjamin Garnett and ANMC as defendants and leaving the United States as the sole defendant responsible for the allegations Plaintiff brings against them.").

[16] *See generally* Dkt 13.

[17] *Id.* at 4.

[18] *Id.* at 4–5, 6 ("Plaintiff's [administrative] claim against the United States in the amount of $222,749.24 included economic and noneconomic damages in a sum certain.").

argument to the contrary effectively asks the Court to disbelieve her damages allegations, which the Court may not do on a 12(b)(6) motion.[19]

Turning to the merits of the United States' argument, Aleck disputes that she had no duty to personally pay for her treatment[20] and argues that, at any rate, her medical bills are relevant under Alaska law regardless of whether she had a duty to pay them.[21]

### III. RULE 12(B)(6) MOTION

Taking Aleck's well-pleaded allegations as true at this stage, the Court concludes Aleck has stated a plausible claim to relief and **DENIES** the United States' Rule 12(b)(6) motion accordingly.

*A. Legal Standard*

Rule 12(b)(6) provides that a defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted. To survive a motion to dismiss under Rule 12(b)(6), a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" as is required by Rule 8(a)(2).[22] To meet this standard, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

---

[19] *Id.* at 2 ("No claim can be dismissed merely because the movant or trial court disbelieves the allegations or feels that recovery is remote or unlikely.").

[20] *Id.* at 5 ("Defendant incorrectly contends that as an Alaska Native, Plaintiff has no duty to personally pay the Alaska Native Medical Center (ANMC) for her medical treatment, arguing that Plaintiff has no 'actual' damages.").

[21] *Id.* at 6 ("Even if Defendant produced a legitimate statement from any treatment provider showing a zero balance—as defendant has asserted in the present Motion to Dismiss, Plaintiff would be entitled to use her treatment statements in calculating total damage value before deducting for payments and/or adjustments.").

[22] Fed. R. Civ. P. 8(a)(2).

face.'"²³ In ruling on a 12(b)(6) motion, the Court must "accept all factual allegations of the complaint as true and draw all reasonable inferences in favor of the nonmoving party."²⁴

Generally, a court "may look only at the face of the complaint to decide a motion to dismiss."²⁵ Courts may consider materials outside the complaint only if the materials are (1) attached to the complaint, (2) incorporated by reference into the complaint, or (3) judicially noticeable.²⁶ If a district court considers evidence outside the complaint and not falling within these three categories, "it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an opportunity to respond."²⁷

B. Discussion

The United States argues the Court should dismiss Aleck's Complaint on the basis that she cannot show damages. The Court is unpersuaded by this argument for two reasons.

First, Aleck has clearly pleaded that she suffered damages. In fact, her Complaint outlines in some detail the factual allegations underlying her damages claim.²⁸ The Court takes these well-pleaded allegations as true at this stage.²⁹

---

²³ *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

²⁴ *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 923 (9th Cir. 2001).

²⁵ *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).

²⁶ *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003).

²⁷ *Id.*

²⁸ *See* Dkt. 1 at 3–5, ¶¶ 11–19, 22.

²⁹ *See Arpin*, 261 F.3d at 923.

Second, the United States' argument that Aleck cannot show damages is better suited to a motion for summary judgment. The United States' position would require the Court to accept each of the following three propositions: first, that Aleck did not seek noneconomic damages through the administrative process (although the United States does not argue Aleck failed to exhaust her administrative remedies); second, that Aleck did not pay any portion of her medical expenses out of pocket; and third, that Aleck could recover under Alaska malpractice law only if she paid for her medical expenses out of pocket. To support these claims, the United States necessarily relies on several exhibits, most of which are not attached to the Complaint, incorporated by reference into the Complaint, or judicially noticeable.[30] The Court cannot consider these exhibits in deciding a 12(b)(6) motion.[31]

As noted above, the Court must accept the factual allegations in Aleck's Complaint as true. Doing so here, the Court concludes Aleck has stated a claim for damages that is plausible on its face. The United States may not use a 12(b)(6) motion to introduce evidence to rebut Aleck's allegation that she suffered damages. Likewise, a 12(b)(6) motion is not the proper vehicle for the Court to resolve what appears to be a factual and legal dispute between the parties about whether Aleck personally paid for her medical expenses and, if she did not, whether that fact is relevant to

---

[30] *See, e.g.*, Dkt 12 at 4 (citing Exhibits A, B, C, D, & E). The United States has not offered authority that would allow the Court to consider these exhibits at this stage. None of the exhibits are attached to the Complaint. Apart from the administrative claim letter attached as Exhibit A (Docket 12-1) and letter acknowledging receipt attached as Exhibit B (Docket 12-2), the exhibits do not appear incorporated by reference into the Complaint or judicially noticeable. Notably, Exhibits A and B alone do not establish Aleck has failed to state a claim for damages. In the administrative claim letter, Aleck seeks $222,749.24 in "damages" without specifying whether they are economic or noneconomic and notes that she enclosed her relevant medical records and billings. These letters do not establish that Aleck sought only economic damages through the administrative process and did not personally pay for her treatment.

[31] *See Ritchie*, 342 F.3d at 907.

the merits of her claim. The Court declines to convert the 12(b)(6) motion into a motion for summary judgment. The United States may re-raise these arguments by moving for summary judgment at an appropriate time.

## IV.     RULE 12(B)(1) MOTION

The Court **GRANTS** the United States' unopposed 12(b)(1) motion on the basis that the United States is the sole proper defendant in an FTCA action.[32] Aleck's claims against entities or individuals other than the United States are dismissed for lack of subject matter jurisdiction under Rule 12(b)(1).

## V.     CONCLUSION

For the foregoing reasons, the Motion at Docket 12 is **GRANTED in part and DENIED in part** as follows:

1. The United States' Rule 12(b)(6) motion to dismiss the Complaint is **DENIED**.

2. The United States' Rule 12(b)(1) motion to dismiss all defendants other than the United States of America is **GRANTED**. Aleck's claims against entities or individuals other than the United States are dismissed. The case caption is therefore amended to *Virginia B. Aleck v. United States of America*.

IT IS SO ORDERED.

Dated at Anchorage, Alaska, this 4th day of August, 2022.

/s/  Timothy M. Burgess
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE

---

[32] 28 U.S.C. § 2679; *Lance v. United States*, 70 F.3d 1093, 1095 (9th Cir. 1995) ("The United States is the only proper defendant in an FTCA action.").